*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ULISES ALVARADO,

        Defendant-Appellant.

UNPUBLISHED
August 1, 2019

No. 341728
Wayne Circuit Court
LC No. 17-001471-02-FC

Before: GADOLA, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions for assault with intent to inflict great bodily harm less than murder (AWIGBH), MCL 750.84, felon in possession of a firearm, MCL 750.224f, and commission of a felony while possessing a firearm (felony-firearm), MCL 750.227b. Defendant was sentenced as a second offense habitual offender, MCL 769.10, to concurrent sentences of 6 to 15 years for AWIGBH and 4 to 7½ years for felon in possession, to be served consecutively to a two-year sentence for felony-firearm. We affirm.

## I. FACTS

Defendant's convictions arise from the shooting of Devin Wellman on the night of January 11, 2017, in Detroit. Wellman was in a car driven by his friend, Jerry Brake. Another companion, whom Wellman knew only as Weecho, was a passenger in the back seat of the car. Wellman received an instant message from a friend he called "Pops," later identified as defendant, asking to buy marijuana. Wellman met defendant at an intersection to make the sale. Defendant arrived in a Ford Explorer, and got out and approached the front passenger seat of the vehicle where Wellman was sitting. The two talked while Brake weighed the marijuana. Defendant asked to see Wellman's weapon; Weecho also passed his weapon out to defendant. Defendant apparently concluded that Weecho had stolen the guns; once he had both weapons, defendant said that both guns belonged to his friend, then turned and yelled something toward the Explorer. Two people jumped out of the Explorer and started shooting at the car. Wellman ducked, but was shot in the right side of his back as Brake pulled away.

Brake drove to a hospital, where Wellman underwent emergency surgery. The next day, Wellman identified defendant to police as the person who had walked up to his car, taken the guns, and signaled to the shooters. Two days later, Wellman identified both defendant and one of the shooters in a photo lineup. While Wellman was still in the hospital, defendant messaged him on Facebook, admitting that it was his fault that Wellman was shot, apologizing, and telling Wellman to advise Brake not to mention defendant's name. After a jury trial in which Wellman was the only res gestae witness, defendant was convicted of AWIGBH, possession of a firearm during the commission of a felony, and felony-firearm. Defendant now appeals to this Court.

## II. DISCUSSION

### A. MISSING WITNESS INSTRUCTION

Defendant first contends that he was entitled to have the jury instructed that because Jerry Brake did not testify, the jury could infer that his testimony would have been unfavorable to the prosecution. Defendant argues that he was prejudiced by the trial court's refusal to give this instruction. We disagree.

This Court reviews de novo an issue of law arising from a jury instruction, but we review for an abuse of discretion the trial court's determination that a jury instruction is or is not applicable to the facts of the case. *People v Everett*, 318 Mich App 511, 528; 899 NW2d 94 (2017). Specifically, we review for an abuse of discretion the trial court's determination of due diligence and the applicability of the missing witness instruction. *People v Eccles*, 260 Mich App 379, 389; 677 NW2d 76 (2004). A trial court abuses its discretion when the outcome is not within the range of reasonable and principled outcomes. *Everett*, 318 Mich App at 516. Further, when a trial court makes an instructional error, reversal is not warranted unless it affirmatively appears more probable than not that the error affected the outcome of the proceeding. *Id*. at 528. It is the defendant's burden to establish that the reliability of the verdict was undermined by the trial court's instructional error. *Id*. at 528-529.

A defendant in a criminal trial is entitled to have a properly instructed jury consider the evidence against him or her. *People v Armstrong*, 305 Mich App 230, 239; 851 NW2d 856 (2014). The disputed instruction here, M Crim JI 5.12, states: "[State name of witness] is a missing witness whose appearance was the responsibility of the prosecution. You may infer that this witness's testimony would have been unfavorable to the prosecution's case." This instruction is warranted if the prosecution endorses a witness, then fails to exercise due diligence to produce the witness. *Everett*, 318 Mich App at 527. Due diligence requires that everything reasonable in a particular case be done, but does not require that everything possible be done. *Eccles*, 260 Mich App at 391.

In this case, Detective Eduardo Torres testified regarding the prosecution's efforts to secure Brake's trial testimony. Torres initially issued a subpoena requiring Brake to appear and testify at defendant's preliminary examination. When Brake failed to appear, no efforts were made to locate him for approximately six months. About six weeks before trial, Torres made several phone calls to Brake, talked to his parents, and went to Brake's address. After about two weeks, Torres obtained a witness detainer for Brake, which he turned over to the fugitive apprehension team of the United States Marshal Service, along with all the information he had

regarding Brake. The marshals went to both Brake's parents' houses, searched Brake's home, searched their own databases, and conducted surveillance, but did not find Brake. When Brake did not appear on the first day of trial, a victim's advocate called his mother's house and did not receive an answer. Torres followed up on a lead that Brake may have turned himself in to the Westland police, but did not locate him. On these facts, defendant has not shown that the prosecution failed to exercise due diligence. Further, even if the instruction had been warranted, defendant is not entitled to relief on this issue because he failed to establish any likelihood that the decision affected the outcome of the case. *Everett*, 318 Mich App at 528. We therefore conclude that the trial court did not abuse its discretion by declining to give the requested jury instruction.

## B. GREAT WEIGHT OF THE EVIDENCE

Defendant next contends that his guilty verdicts were against the great weight of the evidence. Defendant argues that only Wellman identified him as the person who signaled the men to shoot and that Wellman is not credible, and as a result the prosecution failed to prove defendant's identity beyond a reasonable doubt. Again, we disagree.

Defendant failed to preserve the argument that the verdict was against the great weight of the evidence by requesting a new trial before the trial court. See *People v Cameron*, 291 Mich App 599, 617; 806 NW2d 371 (2011). Our review of this issue therefore is limited to plain error affecting defendant's substantial rights. *Id.* at 618. Under the plain error rule, a defendant must establish that a clear or obvious error was made and that the error affected the outcome of the lower court proceedings. *Id*.

A verdict cannot be said to be against the great weight of the evidence unless "the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Lacalamita*, 286 Mich App 467, 469; 780 NW2d 311 (2009). Generally, a verdict will not be vacated unless the evidence does not reasonably support the verdict, and the verdict instead was arrived at by "causes outside the record, such as passion, prejudice, sympathy, or other extraneous influence." *Id*.

In this case, defendant argues that the prosecution did not prove defendant's identity as the person who signaled the men to shoot, because Wellman, the only witness identifying defendant, is not credible. Identity is an element of every crime, and the prosecution is therefore obligated to prove the identity of the defendant as the perpetrator as an element of the offense. See *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). Here, Wellman identified defendant to police as the perpetrator who gave the signal to the men in the Ford Explorer to begin shooting. Wellman was well-acquainted with defendant before the shooting, and testified clearly, unequivocally, and consistently that it was defendant who set up the marijuana buy, walked up to the car where Wellman was sitting, and signaled the shooters once he had taken the guns from the occupants of the car. There was no contradictory testimony, nor did Wellman's testimony about defendant contradict any physical facts. We disagree that inconsistencies in Wellman's testimony regarding minor details, such as whether he gave defendant any marijuana, or whether his gun was on his lap, on the console, or next to the console before he handed it to defendant, impeach his identification of defendant. Wellman's identification of defendant therefore provides sufficient evidence to support the element of identity. See *People v Davis*,

241 Mich App 697, 700; 617 NW2d 381 (2000) (positive identification by witnesses may be sufficient to support a conviction). Defendant therefore has failed to establish plain error affecting his substantial rights necessary to prevail on this unpreserved issue.

## C. PHOTOGRAPHIC EVIDENCE

Defendant also contends that the trial court denied him his constitutional right to defend himself when the trial court excluded certain photographs that defendant wished to introduce, which showed Wellman holding an automatic weapon and making a gang sign with his hand. Again, we disagree. We review the trial court's decision to admit or exclude evidence for an abuse of discretion, although preliminary questions of law regarding admissibility are reviewed de novo. See *People v Jackson*, 498 Mich 246, 257; 869 NW2d 253 (2015).

"A criminal defendant has both state and federal constitutional rights to present a defense." *People v Steele*, 283 Mich App 472, 488; 769 NW2d 256 (2009). A trial court abuses its discretion when it excludes evidence that tends to prove a defense.[1] *Id.* at 488-489. But although the right to present a defense is a fundamental element of due process, it is not absolute because "[t]he accused must still comply with 'established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence.' " *People v Kowalski*, 492 Mich 106, 139; 821 NW2d 14 (2012) (citation omitted).

Generally, all relevant evidence is admissible unless otherwise prohibited by the rules of evidence or the state or federal constitutions. MRE 402; *People v Sharpe*, 319 Mich App 153, 163; 899 NW2d 787 (2017). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. However, even if evidence is relevant, it "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." MRE 403.

Defendant in this case sought to introduce certain photographs taken from a YouTube rap video Wellman performed in in the past, depicting Wellman and others holding guns and flashing hand signs. Defense counsel argued that the photographs were relevant to Wellman's credibility as a witness because it refuted his testimony that he had never been a gang member and no longer used guns. Defense counsel also argued that the photographs depicted Wellman to be a menacing person. The trial court determined that the photographs were not relevant, and therefore were inadmissible. The trial court reasoned that Wellman had already testified that he had used guns in the past and had a gun in his possession on the night of the shooting. On appeal, defendant argues that the trial court thereby deprived him of the defense of demonstrating that Wellman, the only res gestae witness against him, was a liar.

---

[1] Even when a trial court does so abuse its discretion, however, the error does not always rise to the level of a constitutional deprivation of rights, and it can be harmless error. *Steele*, 283 Mich App at 489.

We conclude that the trial court correctly ascertained that the photographs were not relevant. Wellman testified that he had "messed with" guns in his past and that he had been in possession of a gun on the night he was shot. Therefore, to impugn his credibility on this testimony, defendant needed to show that Wellman still "messed with" guns. The record indicates that there appeared to be no dispute that had Wellman been questioned on the subject, he would have testified that the photographs were from a rap video that he made years before the shooting. The photographs therefore had no probative value because they did not demonstrate that Wellman lied when he said he no longer messed with guns. The picture of Wellman making a gang sign came from the same rap video. Flashing a gang sign in that context does not make it more likely that Wellman lied when he said he was never in a gang. Because the photographs lack probative value relative to Wellman's credibility, they are irrelevant under MRE 401, and therefore inadmissible. The trial court therefore did not abuse its discretion when it denied defendant's request to admit the photos, nor did it deny defendant's right to present a defense.

Affirmed.

/s/ Michael F. Gadola
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle